119 N.J. Super. 51 (1972)
289 A.2d 801
CAMPBELL FOUNDRY COMPANY, APPELLANT,
v.
RICHARD J. SULLIVAN, COMMISSIONER, DEPARTMENT OF ENVIRONMENTAL PROTECTION OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1972.
Decided April 21, 1972.
*53 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Theodore W. Geiser argued the cause for appellant (Messrs. Hughes, McElroy, Connell, Foley & Geiser, attorneys; Mr. Mark L. Fleder, on the brief).
Mr. Lawrence E. Stanley, Deputy Attorneys General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
On October 4, 1967 Campbell Foundry Company (Campbell) applied to the Department of Health (now Department of Environmental Protection) (Department) for a permit to construct and install certain air pollution control devices. Such proposed installation was responsive to an order of the Department dated April 14, 1967 requiring Campbell to abate a violation of the Air Pollution Control Code. The permit was issued on November 20, 1967 and Campbell thereafter installed equipment. On May 28, 1969 Campbell applied to the Department for a certificate to operate the equipment permanently. Permission was denied by order of the Commissioner of the Department dated May 6, 1971. Campbell here appeals that order.
The order of the Commissioner was based on six paragraphs of "findings of fact" which were stipulated to by the Department and Campbell. No hearing was conducted.
*54 While we agree with the Commissioner's contention that even though the efficiency of the equipment installed surpasses the minimum requirements as to air contaminant emitted it must also meet the requirement that it incorporate advances in the art, N.J.S.A. 26:2C-9.2(c), we find ourselves unable to review his determination and conclusional findings of fact because of the complete lack of an evidentiary record. Accordingly we reverse the order appealed and remand the proceedings to the Department for a complete hearing.
We reject appellant's argument that merely because its apparatus does not exceed maximum allowable emissions specified by the Code it therefore not need incorporate "advances in the art," as specifically also required by the statute. N.J.S.A. 26:2C-9.2(c). We think it must, reading the statute as a whole. However, the requirement by the Department that the "advances to be satisfied" must be "the latest" is overly broad. The Legislature should be taken to have intended such advances in the art as have acquired some degree of current use and as are not unreasonably costly in the light of the nature and utility of the industrial operation affected as well as the harm which failure to use them would visit upon the environment. While affirmative findings inferentially approaching such criteria were made by the Commissioner, there must be supporting evidence, here absent, to support the findings.
The respondent's brief relies on the asserted fact that the performance by appellant's equipment does not meet Table 2 of the so-called Wortreich Guide, mentioned in Shahmoon Industries, Inc., v. Dept. of Health, N.J., 93 N.J. Super. 272, 279 (App. Div. 1966), certif. den. 49 N.J. 358 (1967). The record does not show that nor do the findings so state. Appellant asserts its equipment is not covered by any of the tables contained therein. Clarifying proofs in that regard should be adduced at the hearing on the remand, and the reliability of the Guide reestablished, if respondent continues *55 to rely on it in this case, as appellant was not a party to the Shahmoon case.
Finally, we reject Campbell's argument advanced here that the Commissioner should be estopped from denying it an operating certificate on the theory that appellant relied upon the approval of the construction permit in 1967 in proceeding with the installation in question. We need only point to the fact that it was represented by Campbell to the Department that the installation to be made under the 1967 permit would limit emission to an estimated 30 pounds per hour. The actual emission figure attained was just double that.
Reversed and remanded. We do not retain jurisdiction.